IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ERIC J. RHETT,

      Plaintiff,

      v.

JUDGE ESTHER SALAS,
DEPARTMENT OF COMMUNITY
AFFAIRS ("DCA"), SHARON
FREEMAN, MCKNIGHT,

      Defendant.
_____

Civil No. 19-cv-01005(RBK/JS)

OPINION

KUGLER, United States District Judge:

      **THIS MATTER** comes before the Court upon receipt of *pro se* Plaintiff Eric J. Rhett's Amended Complaint against Judge Esther Salas, the Department of Community Affairs ("DCA"), Sharon Freeman, and Defendant "McKnight." ("Compl.") [Doc. No. 7]. The Court has screened claims against Judge Salas pursuant to Local Rule 40.1 and the 1994 Standing Order of Chief Judge John F. Gerry ("Standing Order"). Further, because Plaintiff has already been approved of *in forma pauperis* status, the Court has screened the remaining claims against DCA, Sharon Freeman, and McKnight pursuant to 28 U.S.C. §1915.

      For the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to his claims against Judge Salas and DCA, since the allegations clearly fall under judicial and sovereign immunities, and **DISMISSED WITHOUT PREJUDICE** as to his claims against Defendants Freeman and McKnight under 28 U.S.C. §1915, since Plaintiff's claims are frivolous and fail to state a claim under Federal Rule 8.

I.      **BACKGROUND**

This case allegedly involves the misallocation of financial benefits from state programs and civil rights violations. *Pro se* Plaintiff Eric J. Rhett suffers from congenital muscular dystrophy and appears to rely on government assistance in the form of social security benefits and other assistance programs. In January 2019, the New Jersey Department of Community Affairs ("DCA") informed Plaintiff that his Housing Assistance Payment would increase. Plaintiff then filed a hand-written complaint in the District of New Jersey against the DCA and two individuals.

On February 8, 2019, Judge Esther Salas dismissed Plaintiff's complaint because it was largely illegible and failed to comply with Federal Rule 8. [Doc. No. 2]. However, Judge Salas granted Plaintiff's application to proceed *in forma pauperis*. *Id.* Plaintiff then amended the complaint and added Judge Salas as a defendant. The Amended Complaint, pursuant to the 1994 Standing Order and Local Rule 40.1, was allocated to this Court.

The hand-written Amended Complaint alleges that the Defendants violated a broad range of federal statutes, including the "U.S. Federal Housing Acts," Proceedings in Vindication of Civil Rights, 42 U.S.C.A. §1988, and an unknown "Statute 690." ("Compl.") [Doc. No. 7] at 1–3. While the Amended Complaint is largely unclear and meandering, the Court has gone to great lengths to afford Plaintiff a liberal reading consistent with this Circuit's guidance on *pro se* pleadings. As such, the Plaintiff makes two discernible claims that appear largely unrelated to any of the listed federal statutes. First, Plaintiff argues that the DCA erred in its determination of Plaintiff's benefits. Plaintiff attaches documentation to show that his benefits decreased from 2018 to 2019. For example, DCA sent him a letter in February 2018 stating he did not owe funds for his Housing Assistance Payment. *Id.* at 8. In January 2019, however, he received a

second letter that reassessed his obligations and indicated he would owe an additional ten dollars in monthly rent.  *Id.* at 7.  Second, Plaintiff claims Judge Salas discriminated against him in an earlier action by dismissing the illegible initial complaint without prejudice.  *Id.* at 5.  Plaintiff now claims that Judge Salas "engaged in N.J. State partisan political politics," made "discriminatory findings," and used "deceitful practices in the conduct of Judicial proceeding." *Id.*

Because of this alleged misconduct, Plaintiff claims he will suffer future medical bills and expenses.  He therefore claims that all defendants should "pay out of pocket" for his future expenses.  *Id.* at 3.

## II. LEGAL STANDARD

### 1. 1994 Standing Order

Former Chief Judge Gerry issued a Standing Order in 1994 that instructs the District of New Jersey on how to view complaints that name a District Court Judge as a Defendant.  The Court's Standing Order requires that, in all cases where a judge of this District is named as a party, the matter shall be assigned to a judge sitting in a different vicinage of this District than the one in which the named judge sits.  *See* Court's Order of Jan. 13, 1994.  Pursuant to the Standing Order, if the assigned judge determines the matter is patently frivolous or judicial immunity is plainly applicable, the Court need not recuse itself.  However, if the matter is neither frivolous nor subject to immunity, the Court must reassign the matter for transfer outside of this District.  *Id.*

### 2. Local Civil Rule 40.1

The 1994 Standing Order further forms the basis of Local Civil Rule 40.1, which governs the allocation and assignment of cases.  Specifically, 40.1(g) and (h) state:

**(g)** A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.

**(h)** If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

3. **Standard for Reviewing IFP Applications**

The Third Circuit has established a two-step process for deciding which applications can proceed IFP under § 1915. *See Roman v. Jeffes,* 904 F.2d 192, 194 n.1 (3d Cir. 1990). "First, the court must determine whether [the] plaintiff is eligible for pauper status under § 1915(a). Second, the court must 'screen' the complaint under § 1915(e)(2) to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief." *Levine v. Florida,* No. 05–5102, 2005 U.S. Dist. LEXIS 28148, at *1–2 (D.N.J. Nov. 16, 2005) (quoting *Roman,* 904 F.2d 194 n.1). A complaint is not deemed filed "unless and until" IFP status is granted; only then may a District Court determine if the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *Oatess v. Sobolevitch,* 914 F.2d 428, 429 n.1 (3d Cir. 1990).

Because Judge Salas has already granted Plaintiff's IFP status, this Court will screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). As such, the Court must dismiss, at the earliest practicable time, the IFP action if it is frivolous or malicious, fails to state a claim, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Crouch v. Mulvihill,* No. 07–0054, 2007 U.S. Dist. LEXIS 41063, at *3, 2007 WL 1657187 (D.N.J. June 4, 2007).

### III. DISCUSSION

Plaintiff claims Judge Salas was discriminatory in dismissing the initial complaint without prejudice because it was illegible. ("Compl.") [Doc. No. 7 at 3]. Plaintiff also alleges that he should be personally compensated by Judge Salas and the other Defendants for his medical bills, in the event he visits an Emergency Room in the future. *Id.* The Court considers the claims against each defendant in turn.

#### 1. Claims against Judge Salas fail because of judicial immunity

Plaintiff appears to challenge Judge Salas for unfavorable dismissal of an illegible complaint. Plaintiff further claims that Judge Salas "engaged in N.J. State partisan political politics," made "discriminatory findings," and used "deceitful practices in the conduct of Judicial proceeding." *Id.* at 5.

"[It] is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his convictions, without apprehension of personal consequences to himself." *Reardon v. Hillman*, No. 18-1296, 2018 WL 1665700, at *2 (D.N.J. Apr. 6, 2018) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). This is a principle that has been enforced by the Court since 1872. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978). Judges maintain their immunity even if their actions were taken "in error…done maliciously or…in excess of [their] authority." *Id.* at 357. A party who disagrees with a judge's actions is not justified in attempting to strip away the

judge's immunity simply because of their controversy. *See Id.* at 363–64. The protection of judicial immunity, though ostensibly for the protection of judges, is in fact "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Marangos v. Swett*, No. 3:07-cv-5937-FLW, 2008 WL 4508753, at *4 (D.N.J. Sept. 29, 2008) (quoting *Figueroa v. Blackburn*, 39 F.Supp.2d 479, 484 (D.N.J. 1999).

Though a well-established doctrine, judicial immunity is not unlimited. Rather, it is solely "justified and defined by the functions it protects and serves." *Forrester v. White*, 484 U.S. 219, 227 (1988). It can be overcome in only two circumstances: (1) when a judge's actions are not taken in his or her judicial capacity, or (2) when an act, even if judicial in nature, is taken in the "complete absence of all jurisdiction." *Id.* at 227–29. In deciding whether an action was within the judge's "judicial capacity," the Court determines if the action was "a function normally performed by a judge, and to the expectations of the parties." *Reardon*, 2018 WL 1665700, at *2 (quoting *Stump*, 435 U.S. at 362). In deciding whether an action was taken in the absence of jurisdiction, the Court looks to whether the judge had subject-matter jurisdiction over the issue at the time he or she performed the action. *See Marangos*, 2008 WL 4508753, at *6. A plaintiff may not bring a claim against a judge unless he or she demonstrates to the court that the judge's actions were in accordance with one of these two circumstances.

Here, Plaintiff's claims against Judge Salas fail for several reasons. First, the barebones factual allegations appear to stem from dissatisfaction with Judge Salas's judicial determination, a "determination" that merely required Plaintiff to submit a legible amended complaint. Compl. at 3. This judicial determination, however, is wholly consistent with those made in one's "judicial capacity" and thus enshrines Judge Salas with immunity. *Azubuko v. Royal,* 443 F.3d

302, 303 (3d Cir. 2006) ("[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts.") Further, Plaintiff fails to offer any facts that suggest Judge Salas acted in absence of jurisdiction. *See McKnight v. Bryant,* No. 09–5128, 2009 WL 3681908, at *4 (D.N.J. Nov.2, 2009) (dismissing plaintiff's claims against Judge Famular with prejudice where there was "no suggestion that Judge Famular's allegedly improper actions were performed outside of her official capacity or in the absence of jurisdiction" such that judicial immunity should not apply). The Complaint does not clearly indicate what, if any, actions were beyond Judge Salas's jurisdiction. While Plaintiff claims Judge Salas was "discriminatory in her findings" and acted under "[New Jersey] State partisan political-politic," *Id.* at 5, the amended complaint does not indicate what other findings Judge Salas made. Instead, the amended complaint merely shows that Judge Salas very reasonably informed the Plaintiff that a hand-written complaint must be legible. *See Estelle v. Gamble,* 429 U.S. 97, 107, 97 (1976) (explaining that pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure").

For these reasons, Plaintiff's claims against Judge Salas are dismissed with prejudice.

### 2. Plaintiff's claims against the DCA fail because of sovereign immunity

The complaint offers only fleeting mention of Defendant DCA. The only place that DCA appears is within the attached documents showing that Plaintiff's benefits had decreased from 2018 to 2019. Still, Plaintiff lumps DCA in with his prayer for relief. Like the claims made against Judge Salas, Plaintiff's claims against DCA are also shielded by immunity.

The doctrine of sovereign immunity extends to any state agency that qualifies as an "arm of the state" and to state officials acting in their official capacity. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997), *See also Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

Sovereign immunity is an affirmative defense that stands as a "jurisdictional bar," depriving federal courts of subject matter jurisdiction. *See Lawton v. New Jersey Department of Community Affairs*, No. 15-8526, 2016 WL 5012321, at *2 (D.N.J. Sept. 16, 2016). The Third Circuit has made it clear that DCA is "a principle department 'established in the Executive Branch of State Government' and thus qualifies for sovereign immunity." *Lawton*, 2016 WL 5012321, at *2 (quoting *Rhett v. Evans*, 576 Fed.Appx. 85, 88 (3d Cir. 2014). Plaintiff's claims against DCA are therefore dismissed with prejudice.

### 3. Plaintiff's claims against Sharon Freeman and McKnight fail because of Rule 8

The remaining claims against Sharon Freeman and McKnight clearly fail because the Complaint lacks sufficient factual support under Federal Rule 8.

Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Sykes v. Blockbuster Video,* No. 06–1745, 2006 WL 3314518, at *2 (3d Cir.2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure). One such rule, Federal Rule of Civil Procedure 8(a)(2), provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2). The complaint does not need "detailed factual allegations," but it

must possess more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, Plaintiff makes no cognizable claim against Sharon Freeman or "McKnight." The only time the Defendant Sharon Freeman is even mentioned in the amended complaint is when the Plaintiff asserts that she, along with Judge Salas, should "pay out of pocket" for his future medical bills. Compl. at 3. Merely lumping in one Defendant in a request for damages, without showing some nexus between that person and the alleged misconduct, falls far below even the most liberal pleading standard. Further, "McKnight" is never specifically mentioned in the Complaint. These claims are nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 129 S.Ct. 1949. The Court is left not knowing *what* these defendants allegedly did. For these reasons, the Plaintiff's claims against Sharon Freeman and McKnight are dismissed without prejudice.

## IV. CONCLUSION

For the above reasons, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Judge Salas and DCA, and **WITHOUT PREJUDICE** as to Sharon Freeman and McKnight.

Dated: 6/3/19                                              s/ Robert B. Kugler

                                                                                ROBERT B. KUGLER
                                                                                United States District Judge